IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Eleni Mavrakis, *Plaintiff,* v. The TJX Companies, Inc., et al., *Defendants.* | CIVIL ACTION NO. 24-5772 |

**Pappert, J.**                                                                                                           June 17, 2025

### MEMORANDUM

Eleni Mavrakis slipped and fell on a puddle of clear liquid in a TJ Maxx store and then sued the owner, Marmaxx Operating Corp.,[1] for negligence. Marmaxx moves for summary judgment on the ground that no reasonable juror could find that any of its agents knew or should have known of the puddle. The Court grants the Motion.

I

Mavrakis says that, while shopping at a TJ Maxx in Feasterville in June of 2023, she slipped and fell on a clear puddle of fluid located near the registers. (Mavrakis Dep. 45:25–46:5, 53:9–14, 68:18–69:2 ECF No. 20-5.) Mavrakis herself never saw the puddle nor identified anything that could explain how the puddle formed. (Mavrakis Dep. 71:16–72:14.) An EMT, Roman Kourinnoi, responded to the accident and wrote a report that identified "a small puddle of clear fluid on the floor 3 feet away from [Mavrakis]." (EMS Report. ECF No. 20-6.) When deposed, Kourinnoi had no independent recollection of the accident scene. (Kourinnoi Dep. 7:21–8:4, 9:14–18.)

---

[1] Mavrakis originally sued The TJX Companies, Inc. but later substituted Marmaxx by stipulation. *See* (Order, March 28, 2025.)

1

The only other witness testimony in the record is that of the store manager, TJ Trzaskawa, who stated at her deposition that she saw a puddle of liquid, no bigger than her hand, which appeared to be water. (Trzaskawa Dep. 31:7–13.) She also said the puddle was "contained," meaning it was a single pool of liquid rather than a "track[]," and that she was unable to determine the source of the puddle. (*Id.* 31:19–32:8.) There are apparently no pictures of the puddle. *See* (Trzaskawa Dep. 32:12–25.)

## II

Summary judgment is appropriate if the movant shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Liberty Mut. Ins. Co. v. Sweeney*, 689 F.3d 288, 292 (3d Cir. 2012). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is "genuine" if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Id.*

The movant bears the initial burden of demonstrating the absence of a genuine dispute of a material fact. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016). When the movant is the defendant, they have the burden of demonstrating that the plaintiff "has failed to establish one or more essential elements of [his] case." *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013). If the movant sustains this initial burden, "the burden shifts to the nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (quotation marks omitted). The Court's role is not to weigh the evidence and determine the truth of the matter, but

rather to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249.

III

A plaintiff asserting a negligence claim under Pennsylvania law must establish that (1) "the defendant has a legal duty to conform to a certain standard of care to prevent unreasonable risks to the plaintiff," (2) the defendant breached that duty, (3) the breach caused injury to the plaintiff, and (4) the plaintiff's injury resulted in actual losses or damages. *Baptiste v. Bethlehem Landfill Co.*, 965 F.3d 214, 227 (3d Cir. 2020*); R.W. v. Manzek*, 888 A.2d 740, 746 (Pa. 2005). Marmaxx owes business invitees like Mavrakis "the highest duty owed to any entrant upon land." *Campisi v. Acme Markets, Inc.*, 915 A.2d 117, 119 (Pa. Super. 2006). It is liable for "physical harm caused to [its] invitees by a condition on the land" if it:

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

*Rodriguez v. Kravco Simon Co.*, 111 A.3d 1191, 1193 (Pa. Super. 2015) (quoting Restatement (Second) of Torts § 343).

Here, no juror could conclude that Marmaxx breached its duty of care because there is no evidence that Marmaxx knew or should have known of the puddle. A plaintiff can prove knowledge of a hazard with evidence that the land possessor "helped

to create [it] or had actual notice of it." *Neve v. Insalaco's*, 771 A.2d 786, 791 n.5 (Pa. Super. 2001). And a plaintiff may prove that a land possessor should have known of the hazard with evidence showing that reasonable inspection would have revealed it. *Id.* at 791. A key factor in determining whether the land possessor reasonably should have discovered the hazard is "the time elapsing between the origin of the [hazard] and the accident." *Id.* (quoting *Zito v. Merit Outlet Stores*, 647 A.2d 573, 574–75 (1994)). Also important is whether the hazard is durable or transitory, *id.* at 791, as is "the nature of the defect and its location on the premises," *Lanni v. Pa. R.R. Co.*, 88 A.2d 887, 889 (Pa. 1952).

First, as Mavrakis concedes, no juror could find that Marmaxx had actual knowledge of the puddle. (Pl.'s Resp. 4.) Indeed, none of the three witnesses who were deposed knew its origin, and the only two witnesses with any memory of the incident said there was no merchandise near the puddle that could have caused it to form. (Mavrakis Dep. 71:20–72:3); (Trzaskawa Dep. 32:3–8.) Plus, nothing in the record suggests that any of Marmaxx's agents were informed of or observed the puddle prior to the accident.

Second, no juror could conclude that Marmaxx should have discovered the puddle. The puddle is a transitory condition, *see Neve*, 771 A.2d at 791, and there is no evidence of how it was formed or how long existed, so a jury would have no basis to find that store employees would have discovered it with reasonable inspection. *Cf. Est. of Swift v. Ne. Hosp. of Philadelphia*, 690 A.2d 719, 722–23 (Pa. Super. 1997) (affirming summary judgment where record contained no evidence of how or when the offending puddle of water was formed). Mavrakis's only response is that the lack of evidence is

4

attributable to Marmaxx's lack of "policy [for inspections], inspection schedule, inspection documentation, or surveillance footage." (Pl.'s Resp. 4.) Even if true, Mavrakis is still required to adduce some evidence that would permit a jury to find that Marmaxx's agents would have discovered the puddle upon reasonable inspection. *Cf. Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 289–90 (3d Cir. 2018) ("[A]n essential element of [a] plaintiff's cause of action for negligence, or for that matter any other tort, is there be some reasonable connection between the act or omission of the defendant and the damage which the plaintiff has suffered.") (quoting W. Page Keeton et al., *Prosser and Keeton on Torts* 263 (5th ed., 1984)). Having essentially conceded that no such evidence exists, summary judgment is appropriate.

      An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.
